UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., | ) )  CASE NO. C17-0792RSM ) |
| Plaintiff, | ) ORDER OF REMAND ) |
| v. | ) ) |
| IMERYS MINERALS CALIFORNIA, INC., | ) ) ) |
| Defendant. | ) |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Remand and for Fees. Dkt. #12. Plaintiff argues that removal to this Court was untimely because Defendant had notice that this matter raised federal question jurisdiction both in the original Complaint and in an opposition brief filed in state court prior to removal. *Id.* Defendant responds that its removal was timely because it occurred just 10 days after the filing of an Amended Complaint where a federal cause of action was asserted for the first time, and that Plaintiff's "other paper" filed in state court simply noted an intent to file a federal claim that did not confer jurisdiction in this Court. Dkt. #16. The Court has reviewed the parties' briefing, along with their supporting exhibits, Plaintiff's Complaint and Defendant's Notice of Removal. For the reasons set forth herein, this matter is REMANDED to King County Superior Court.

ORDER
PAGE - 1

## II. BACKGROUND

Plaintiff served Defendant's registered agent with the original Summons and Complaint in this matter on December 15, 2016.  Dkt. #6-1 at 14.  Plaintiff filed the Complaint on February 21, 2017, in the Superior Court of Washington for King County.  Dkt. #6-1 at 1-4.

Defendant then filed a Motion to Dismiss in that Court, noting that Plaintiff had failed to allege any legal authority for the relief sought in its Complaint, arguing that Plaintiff appeared to be asserting a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), and seeking dismissal of the Complaint for lack of subject matter jurisdiction.  Dkt. #6-1 at 17-21.  In its opposition to the Motion to Dismiss, Plaintiff explained that it was not suing under ERISA, but that "Northwest is suing Imerys under Section 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185(a), [also known as the Labor Management Relations Act ("LMRA"),] for a breach of contract claim based on the CBA between Imerys and Teamsters Local 760."  Dkt. #6-2 at 25 (emphasis added).  Ultimately, the state court ordered Plaintiff to file an Amended Complaint setting forth a claim under Section 301 and denied the motion to dismiss.  Dkt. #6-3 at 34.

On May 12, 2017, Plaintiff filed and served its Amended Complaint.  Dkt. #1-1.  The Amended Complaint set forth a claim under Section 301(a) of the LMRA.  Defendant removed the action to this Court on May 22, 2017.  Dkt. #1.  Defendant then filed a Motion to Dismiss for failure to state a claim.  Dkt. #11.  The instant Motion to Remand followed.

## III. DISCUSSION

**A. Subject Matter Jurisdiction**

Federal courts are courts of limited subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).  When a case is filed in state court, removal is proper if the Complaint raises a federal question or where there

is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331 and 1332(a). It is presumed, however, "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (*per curiam*) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (alterations in original). This Court must order remand if there is any defect which causes federal jurisdiction to fail. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant bears the burden of establishing that removal was proper by a preponderance of evidence. *Id.* at 567; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). However, this Court lacks discretion to remand a case to the state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984), *abrogated in part on other grounds*, *Southern Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920, 924 n.6 (9th Cir. 2001).

**B. Timeliness of Removal**

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days of receipt of the initial pleading, or, if the case stated by the initial pleading is not removable, within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which has become removable.

For the reasons set forth by Defendant, the Court agrees that Plaintiff's initial Complaint was not removable. *See* Dkt. #16 at 4-6  Thus, the Court turns to Plaintiff's argument that the removal was untimely because its state court opposition brief is an "other paper" which first disclosed the basis for federal court jurisdiction.

As noted above, Plaintiff stated in its opposition to the motion to dismiss in state court that it was suing Defendant under Section 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185(a), for a breach of contract claim based on the CBA between Imerys and Teamsters Local 760." Dkt. #6-2 at 25. That brief provided clear notice to Defendant that a federal question was being raised by Plaintiff. Defendant's argument that the brief merely reflected "an intent" to raise a federal claim is not persuasive. The Ninth Circuit has made clear that discovery documents, briefing, and similar other items qualify as "other paper" sufficient for a defendant to ascertain that an action has become removable under § 1446(b)(3). *See*, *e.g.*, *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 779 (9th Cir. 1994); *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1255 (9th Cir. 1989). Likewise, so long as the "other paper" reasonably reflects Plaintiff's claim, it triggers the second thirty day removal period. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007). Accordingly, at the latest, Plaintiff's April 5, 2017 opposition to the motion to dismiss triggered the 30-day period under Section 1446(b)(3), requiring the Defendant to file its Notice of Removal by May 5, 2017. However, Defendant did not remove until May 22, 2017, and therefore removal was untimely. As a result, the Court grants Plaintiff's motion to remand.

C. **Request for Attorney's Fees and Costs**

Plaintiff has also sought its reasonable fees and costs incurred in connection with its motion for remand and in response to Defendant's pending motion to dismiss. Dkt. #12 at 8-9. "An order remanding the case may require payment of just costs and any actual expenses,

including attorney fees, incurred as a result of the removal." § 1447(c). While attorney's fees are available, it is clear that "[a]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citation omitted). In this case, the Court agrees with Plaintiff that Defendant had no objectively reasonable basis for removal. Basic legal research into what constitutes an "other paper" for removal purposes would have revealed that Plaintiff's opposition triggered the removal period and therefore Defendant's removal after May 5th was untimely. Accordingly, the Court grants Plaintiff's request for fees and costs.

### IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) Plaintiff's Motion to Remand (Dkt. #12) is GRANTED, and this case is REMANDED to the King County Superior Court.

2) No later than fourteen (14) days from the date of this Order, Plaintiff shall file a supplemental motion for fees and costs in this Court, appending the evidence necessary to support its request. Plaintiff **shall note the motion for two Fridays after the date it is filed**. Defendant shall respond no later than the Monday prior to the noting date, and shall limit its response only to the issue of the reasonableness of the fees and costs sought by Plaintiff. No Reply brief shall be filed.

3) The Court DECLINES to address Defendant's pending Motion to Dismiss (Dkt. #11), and it shall be removed from the Court's motion calendar.

4) This matter is now CLOSED.

DATED this 25 day of July, 2017.

                                                                                                
RICARDO S. MARTINEZ  
CHIEF UNITED STATES DISTRICT JUDGE

ORDER  
PAGE - 6