UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINISTRATORS, INC.,

Plaintiff,

v.

IMERYS MINERALS CALIFORNIA, INC.,

Defendant.

Case No. C17-0792RSM

ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR FEES AND COSTS

## I. INTRODUCTION

This matter initially came before the Court on Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1447(c). Dkt. #12. On July 25, 2017, the Court granted Plaintiff's motion, finding that removal to this Court was untimely. Dkt. #21. In addition, the Court granted Plaintiff's request for attorney's fees and costs, and directed Plaintiff to file a supplemental motion, appending the evidence necessary to support its request. *Id.* Plaintiff has since filed a supplemental motion, to which Defendants have objected. Dkts. #22 and #24. Plaintiff asks the Court for a total award of $6,047.34 in attorneys' fees and costs.[1] For the reasons discussed below, the Court now GRANTS IN PART AND DENIES IN PART Plaintiff's motion.

---

[1] The Court notes that it awarded Plaintiff its fees and costs pursuant to 28 U.S.C. § 1447(c). *See* Dkt. #21 at 4-5. While Plaintiff now asserts that it brings this supplemental fee motion pursuant to Federal Rule of Civil Procedure 54(d), the Court will instead deem the motion as one pursuant to 28 U.S.C. § 1447(c), as that is the basis for the Court's award in this matter, and that is the statute under which the Court directed Plaintiff to file the instant motion. *Id.*

ORDER - 1

## II. DISCUSSION

### A. Legal Standard

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The reasonable hourly rate is determined with reference to the prevailing rates charged by attorneys of comparable skill and experience in the relevant community. *See Blum v. Stetson*, 465 U.S. 886, 895 (1984). In determining the reasonable number of hours expended on the litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours billed. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court may also adjust the lodestar with reference to factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). The relevant Kerr factors here are: (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the skill requisite to perform the legal services properly. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622.

### B. Reasonableness of Rates

The Court first examines the hourly rate for time billed by its counsel requested by Plaintiff. Although Plaintiff never states in its motion or supporting Declaration the hourly billing rate it seeks, it appears from the billing records that it seeks a billing rate of $180 per hour for attorneys Russell Reid and Thomas Leahy, and $75 per hour for legal assistant Shelly Azus. Dkt. #23-1, Ex. A. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting… the rates claimed." *Welch v. Metro. Life*

ORDER - 2

*Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley*, 461 U.S. at 433). In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch*, 480 F.3d at 946 (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979* (9th Cir. 2008) (vacating award of attorneys' fees in Fair Debt Collection Practices Act case where district court failed to identify the relevant community or address the prevailing market rate).

In this case, Plaintiff has presented neither evidence of its attorneys' experience nor evidence supporting the reasonableness of the rate requested for the Seattle market.[2] *See* Dkt. #23-1. However, a review by this Court of other similar actions involving motions to remand reveals that rates awarded have ranged from $150 to $200 per hour. *See, e.g.*, *Johnson v. Port of Seattle*, 261 F. Supp.2d 1243 (W.D. Wash. 2003). Thus, while Defendant opposes the hourly rate requested, the Court finds that $180 per hour is appropriate for this type of case in this

---

[2] While the Court does not deny this motion on that basis, Plaintiff is reminded of the applicable legal standard and that it would be well-served to provide such support to the Court with future fee motions. Future motions lacking such support could result in the denial of the motion entirely.

ORDER - 3

market. Accordingly, the Court will calculate the lodestar amount using the hourly rates requested.

**C. Reasonableness of Hours**

Now turning to the reasonableness of the hours requested, the Court notes that "[t]he party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting" the request. *Hensley*, 461 U.S. at 433. As noted above, the Court excludes those hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Further, the Ninth Circuit has held it is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Likewise, intra-office conferences between experienced counsel, absent persuasive justification by the moving party, may be excluded from an award as unnecessary and duplicative. *See id.* at 949.

Plaintiff has presented thin billing records reflecting the time spent defending this action in this Court. Dkt. #23, Ex. A. The Court has reviewed the billing entries provided. *Id.* As an initial matter, the Court will not award fees for the time Plaintiff's counsel spent discussing the case between attorneys in the same office. Further, counsel has partially engaged in block billing time entries, which has left the Court unable to attribute some of the time spent on a particular activity. Dkt. #23, Ex. A; *Welch*, 480 F.3d at 948. Accordingly, where the Court cannot discern from the time entry itself the amount of time to attribute to a particular activity, it will reduce those entries by half. For those reasons, the Court will deduct the following time from its award of attorney's fees:

| | | |
|---|---|---|
| 5/22/17 | 0.25 hours (0.25 x $180/hr = $45.00) | |
| 5/23/17 | 0.725 hours (0.725 x $180/hr = $130.50) | |
| 5/23/17 | 0.12 hours (0.12 x $180/hr = $21.60) | |
| 5/24/17 | 0.13 hours (0.13 x $180/hr = $23.40) | |
| 6/2/17 | 0.10 hours (0.10 x $180/hr = $18.00) | |
| 6/8/17 | 0.10 hours (0.10 x $180/hr = $18.00) | |
| 6/19/17 | 0.13 hours (0.13 x $180/hr = $23.40) | |
| 6/19/17 | 0.25 hours (0.25 x $180/hr = $45.00) | |

Dkt. #23, Ex. A.

Likewise, the Court will deduct all time billed that appears to be purely administrative in nature, such as filing work performed by the attorney or legal assistant and billing entries vaguely stating "attention to file":

| | | |
|---|---|---|
| 5/23/17 | 0.15 hours (0.15 x $75/hr = $11.25) | |
| 6/7/17 | 0.10 hours (0.10 x $180/hr = $18.00) | |
| 6/19/17 | 0.25 hours (0.25 x $180/hr = $45.00) | |
| 6/23/17 | 0.20 hours (0.20 x $180/hr = $36.00) | |
| 6/26/17 | 0.10 hours (0.10 x $180/hr = $18.00) | |

*Id.*

Defendant has also objected to the hours requested by Plaintiff for work related to Plaintiff's response to Defendant's motion to dismiss. Dkt. #24 at 6-8. Defendant argues that those fees were not incurred as a result of the removal. *Id.* The Court agrees. As the Ninth Circuit Court of Appeals has explained:

> The language of section 1447(c) refers to the payment of expenses "incurred as a result of the removal." When defendants remove a case improperly, for

ORDER - 5

example, they cause the plaintiffs to incur the expense of seeking a remand.
That expense is a direct result of the removal, and section 1447(c) permits the
plaintiffs to recoup that expense. In contrast, other fees and costs incurred in
federal court after a removal may be related only tenuously to the removal,
as when they replace similar fees and costs that would have been incurred in
state court if the litigation had proceeded there. Such fees and costs cannot
be considered "incurred as a result of the removal."

*Baddie v. Berkeley Farms*, 64 F.3d 487, 490 (9th Cir. 1995). Prior to removal, Plaintiff filed an Amended Complaint. Rather than file an Answer to the Amended Complaint, Defendant filed a Motion to Dismiss in this Court. Had the matter proceeded in state court, Defendant would have been entitled to file the same motion, and Plaintiff would have incurred the same fees to respond to the motion. Accordingly, the Court agrees that the fees related to the motion to dismiss merely "replace" the fees and costs that would have been incurred in state court.

As a result, the Court will deduct all time related to the motion to dismiss as follows:

| Date | Hours |
|---|---|
| 6/1/17 | 0.13 hours (0.13 x $180/hr = $23.40) |
| 6/9/17 | 0.10 hours (0.10 x $180/hr = $18.00) |
| 6/12/17 | 2.70 hours (2.70 x $180/hr = $486.00) |
| 6/13/17 | 2.80 hours (2.80 x $180/hr = $504.00) |
| 6/14/17 | 1.50 hours (1.50 x $180/hr = $270.00) |
| 6/15/17 | 1.10 hours (1.10 x $180/hr = $198.00) |
| 6/16/17 | 0.60 hours (0.60 x $180/hr = $108.00) |
| 6/16/17 | 0.25 hours (0.25 x $180/hr = $45.00) |
| 6/19/17 | 0.30 hours (0.30 x $180/hr = $54.00) |
| 7/25/17 | 0.13 hours (0.13 x $180/hr = $23.40) |

Dkt. #23, Ex. A.

ORDER - 6

Adding the amounts above, the total deductions in fees equal $2,182.95. The Court finds that the remaining hours requested by Plaintiff's counsel are reasonable, and will award the fees associated with those hours. Accordingly, **the total amount of attorney's fees awarded is $3,722.25 ($5,905.20 - $2,182.95)**.

### D. Lodestar Adjustment

The Court finds that the time set forth above, less the reductions noted by the Court, reflects the reasonable time spent defending the removal of this matter and does not find it necessary to make any lodestar adjustments under *Kerr*.

### E. Costs

Finally, Plaintiff also seeks $142.14 in costs. Dkt. #23, Ex. A. These costs are for computerized legal research conducted through Lexis Nexis in the months of May and June 2017. *Id.* Defendant objects to these costs as unsupported by the record. Dkt. #24 at 10-11. While the Court would typically reimburse such costs, the Court agrees with Defendant that the record is deficient with respect to this request. Plaintiff has failed to provide any invoices for these costs, nor has it or its counsel explained how it arrived at the calculation for these costs. Moreover, nothing in the individual attorney time entries reflects when the legal research was conducted, by whom it was conducted, and what issues were researched. *See* Dkt. #23-1, Ex. A. Thus, the Court has no way of discerning whether the research related to the motion to remand, and declines to award any costs to Plaintiff.

### III. CONCLUSION

Having considered Plaintiff's Supplemental Motion for Fees and Costs, the Declarations and Exhibits in support thereof, and the Opposition thereto, along with the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's motion (Dkt. #22) is GRANTED IN

ORDER - 7

PART AND DENIED IN PART for the reasons discussed above.  Plaintiff is awarded **fees in the amount of $3,722.25 in fees and $0 in costs**.

DATED this 9 day of August, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 8